UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA MICHAEL HADDEN | ) | INDICTMENT NO. CR407-00006-001 |

## ORDER

On May 2, 2012, Defendant filed a "Motion Pursuant to Rule 36 to Correct the Judgment of This Court." In his Motion, Defendant seeks credit toward his federal sentence for all time spent in custody since September 7, 2007. Defendant has twice before motioned this Court for jail credit (Docs. 41 and 43) and was denied both times.

Rule 36 allows a court to "at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. It is well held that this rule can only be used to correct *clerical* errors. United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003). Defendant's claim that he should receive credit for time served while in state custody is not one of clerical error.

Defendant's alternative reliance on U.S.S.G. § 5G1.3 is also misplaced. That Guideline permits the Court to credit time for guideline purposes *at sentencing* so that a reasonable sentence may be imposed. The relief Defendant seeks is not available from the Court post-sentencing; rather, only "the Attorney General through the BOP, and not district courts, is authorized to compute

sentence credit awards after sentencing." Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995). After sentencing, the Court's authority to modify an imposed term of imprisonment is quite narrow, and none of the qualifying circumstances are present here. See Fed. R. Crim. P. 35; 18 U.S.C. § 3582(c).

Based on the above, Defendant's motion is **DENIED.**

**SO ORDERED**, this 22 day of May, 2012.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia